UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ALICIA P. LAWRENCE, Individually and
as Legal Guardian and Next Friend of S.B., a minor            PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:16-CV-251-MPM-RP

BAPTIST MEMORIAL HOSPITAL-
DESOTO, INC., et al.                                                DEFENDANTS

## ORDER DENYING MOTION TO LIFT STAY OF DISCOVERY

This matter is before the court on plaintiffs' request to lift the stay of discovery. Docket 54. The stay was ordered pursuant to Local Uniform Civil Rule 16(b)(3)(B) because the defendants Debra Oswalt, CRNA and Mid-South Anesthesia Consultants, PLLC. filed a motion to dismiss asserting the jurisdictional defense that plaintiffs failed to provide pre-suit notice of their claims as required by Section 15-1-36(15) of the Mississippi Code. The defendants Dabney Hamner, M.D. and Primary Care Group, LLC have since moved to dismiss the plaintiff Alicia P. Lawrence's individual claims on the same grounds. Plaintiffs ask the court to exercise its discretion to permit all discovery to proceed in this case.

Plaintiffs argue that even if the claims against Debra Oswalt, CRNA and Mid-South Anesthesia Consultants, PLLC are dismissed, because the statute of limitations has not expired as to the minor's claims, once the required pre-suit notice has been provided, an amended complaint bringing those claims anew against said defendants will be permitted "as a matter of law." Docket 54 at 4. Plaintiffs are mistaken in this regard. At this point the complaint may be amended "only with the opposing party's written consent or the court's leave." FED.R.CIV.P.

15(a)(2).[1]  This is not to say the court would not allow such an amendment as justice may require under circumstances that may exist at some point in the future, but the court will not decide that question unless and until it comes before the court.

As to the possibility of dismissal of the plaintiff Alicia P. Lawrence's individual claims, plaintiffs argue she will participate in discovery as a witness in any event and her dismissal as a plaintiff would not prevent potentially needless and expensive discovery.  The court is unconvinced.  If indeed Ms. Lawrence's dismissal as an individual plaintiff would finally dispose of the claim for the minor's pre-majority medical expenses – which surely are (and will be) substantial according to plaintiffs and which presumably will be the subject of expert testimony – such an event could significantly impact the scope and extent of discovery in this case.

The court concludes that plaintiffs have failed to meet their burden of showing the necessity of lifting the stay of discovery.  Plaintiffs claim no need to conduct discovery on issues related to the motions to dismiss, nor have plaintiffs satisfied the court that all discovery should proceed and would be unaffected by rulings granting the motions to dismiss.  Therefore, plaintiffs' motion to lift the stay of discovery is DENIED.

---

[1]In support of their contention plaintiffs cite *Hans v. Memorial Hospital at Gulfport*, 40 So.2d 1270 (Miss. Ct. App. 2010), which held that an amended medical malpractice complaint, filed after the physicians were dismissed and after the requisite pre-suit notice was provided, adequately complied with the notice requirement.  However, the amended complaint joining the physicians had been filed with leave of the trial court, and the appellate court held only that it was error for the trial court to dismiss the amended complaint against the physicians on pre-suit notice grounds, not that the trial court was required to allow the amendment.  *Hans*, 40 So.2d at 1274.  Whether to allow an amended pleading, of course, is a procedural question that is decided based upon the attendant circumstances.

SO ORDERED, this the 22nd day of February, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE