IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ALICIA P. LAWRENCE, Individually and as
Legal Guardian and Next Friend of S.B., a Minor                                    PLAINTIFF

v.                                                            CIVIL ACTION NO.: 3:16CV251-MPM-RP

BAPTIST MEMORIAL
HOSPITAL–DESOTO, et al.                                                            DEFENDANTS

**ORDER DENYING MOTION TO BE EXCUSED AS
RESIDENT ATTORNEY FROM CERTAIN PROCEEDINGS**

Defendants Dabney Hamner, M.D. and Primary Care Group, LLC's local counsel, Kevin Baskette, has requested the court waive the Uniform Local Civil Rule 83.1(d)(3) requirement that a resident attorney attend all proceedings, including depositions, as local counsel for two lawyers in his firm that have been admitted as *pro hac vice* counsel. Docket 76. Mr. Baskette notes that the two lawyers in his firm that have been admitted as *pro hac vice* counsel are capable of appearing and participating in depositions on behalf of their clients without the assistance of Mr. Baskette. *Id.* at 2.

Local Uniform Civil Rule 83.1(d)(3) requires that "at least one resident attorney . . . must personally appear and participate in all trials, in all pretrial conferences, case management conferences and settlement conferences, hearings and other proceedings conducted in open court, and all depositions or other proceedings in which testimony is given." The court recognizes the need to avoid increased litigation costs and the unnecessary expenditure of resources. Nevertheless, aside from issues of attorney discipline, the purpose of the rule requiring attendance of local counsel is to assure that the case is litigated in compliance with all local rules and that the

1

attorneys have a working knowledge of the expectations of this court. Further, Local Uniform Civil Rule 83.1(d)(3) specifically provides that "[t]he resident attorney remains responsible to the client and responsible for the conduct of the proceeding before the court." Mr. Baskette has demonstrated no extraordinary circumstance peculiar to this case that might warrant an exemption from the rule's requirements. Further, allowing only *pro hac* counsel to attend the depositions in this case would signal that a law firm need only one Mississippi licensed attorney in its firm so as to permit the rest of the firm's attorneys to appear as de facto resident attorneys via *pro hac vice* motion. This goes against the purpose of the rule. If the defendants seek to avoid duplication of efforts, they may send local counsel to the depositions alone. Accordingly, it is

**ORDERED**

that the Motion of Kevin Baskette to be Excused as Resident Attorney from Certain Proceedings is **DENIED**. A resident attorney must appear for each party at every event required by the local rules.

**SO ORDERED**, this, the 12th day of June, 2017.

                                                /s/ Roy Percy
                                             UNITED STATES MAGISTRATE JUDGE